U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 22 2009
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEON D. VESSELL-BALL,<br>   Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:09-CV-129-Y |
| DAVID WALKER, Sheriff,<br>Wise County, Texas,<br>   Respondent. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This action has been construed as a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Leon D. Vessell-Ball is a pretrial detainee presently confined in the Wise County jail.

Respondent David Walker is the Sheriff of Wise County.

*C. Factual Background*

Vessell-Ball was arrested in Wise County, Texas, for felony driving while intoxicated (DWI)

and is currently incarcerated pending indictment and/or trial in state court on the new charges and a parole hold. Vessell-Ball raises seven grounds for habeas relief.[1] (Petition I & II at 5-6)

D. *Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Vessell-Ball, who remains incarcerated in the Wise County jail on the pending criminal charges and a parole hold, is "in custody" for purposes of § 2241. Second, the petitioner must have exhausted his available state remedies.[2] *Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. See *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[3] or postconviction writ of habeas corpus before a pretrial detainee may seek

---

[1] Vessell-Ball filed two form petitions in this action, which are referred to as Petition I and Petition II.

[2] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

[3] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. arts. 11.07-11.09 (Vernon 1977 & Supp. 2004).

2

federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Procunier*, 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Vessell-Ball alleges that the Wise County jail is not equipped with a law library and with the lack of effective assistance of his court-appointed counsel, he is unable to prepare for court. (Petition I at 6) These circumstances, however, do not warrant federal court interference in the normal functioning of the state's criminal processes. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Further, even if one or more of the claims presented in Vessell-Ball's federal petition constitute possible defenses to the state charges, a federal court should abstain from considering those claims out of deference to the state courts. Texas has adequate and effective state procedures for review of Vessell-Ball's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

In summary, Vessell-Ball has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized. *See Braden*, 410 U.S. at 493. After the state

proceedings are concluded, federal habeas proceedings can be instituted by Vessell-Ball after he has exhausted his state remedies. This petition should be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded. Under the circumstances, it appears dismissal is appropriate. *See Deters*, 985 F.2d at 797.

## II. RECOMMENDATION

It is therefore recommended that Vessell-Ball's petition for writ of habeas corpus be dismissed without prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 12, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 12, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED the May 22, 2009.

*Charles Bleil*
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE